HARRIET R. CADY *vs.* THOMAS FITZSIMMONS, JR.

A highway laid out by the original proprietors of a town ceased to be used by the public in 1812, but had never been legally discontinued. At that time the selectmen of the town undertook to convey to S by deed the

interest of the town in it. *S* fenced the land, and he and his grantees held exclusive and adverse possession for over sixty years. Held—1. That the fact that the land was legally highway (if it was still so to be regarded,) did not prevent the adverse possession running against the *private right* of an adjoining owner. 2. That the deed of the selectmen was admissible, although passing no title, as giving character to the possession under it.

Whether the facts were sufficient to warrant the inference of an abandonment of the highway as such by the public: *Quære.* The court inclined to so regard them.

TRESPASS *qu. cl. fr.*, brought to the City Court of the city of Waterbury and heard before *Cowell, J.* The defendant pleaded the general issue, with notice that he should show that the *locus in quo* was a part of a public highway, that the plaintiff had no title to the same, and that if the highway had been discontinued the *locus* belonged to his grantors and to him as adjoining proprietors. The following facts were found by the court.

The plaintiff and defendant at the time of the alleged trespass were adjoining proprietors of lands situated on the northerly side of Pine street, in the city of Waterbury. The *locus in quo* is a part of an old highway, laid out by the original proprietors of the town in 1737. The highway was originally a continuation of the Pine Hole road (now Pine street) and was travelled until the year 1812. It was known and called "the old ten rod highway," and terminated in what is now known as Cooke street. East of the highway was the land of the grantors of the plaintiff and west of it that of the grantors of the defendant. In 1812 the selectmen of the town of Waterbury assumed by deed to exchange with one Ashley Scott (a grantor of the plaintiff,) the old highway for a piece of land deeded by Scott to the town, the same being the present continuation of Pine street to Cooke street.

The plaintiff and her grantors have been in possession of this old highway since the exchange in 1812, claiming it as their property. The defendant objected to the admissibility of the deed of exchange from the selectmen to Scott, on the ground, first, that it did not on its face purport to have been

lawfully executed and acknowledged, and, second, because no vote of the town was shown to have been passed or was ever in fact passed, authorizing the selectmen to convey away the old highway. But the court admitted the deed in evidence, not for the purpose of showing title in the plaintiff, but for the purpose of showing the possession of the plaintiff's grantors and herself, and of characterizing the same; for which purpose alone the plaintiff offered the deed. To this ruling the defendant excepted. The plaintiff and her grantors have kept the *locus in quo* enclosed by a fence since 1812, and occupied the same exclusively.

None of the acts of the defendant of which the plaintiff complains were committed outside of the limit of the original highway. The fence began at the southwest corner stone of the original highway and pursued a northeasterly course, ending at the northeast corner of the highway, and is partly a stone wall, partly a brush fence and partly a rail fence. All the acts of the defendant were committed on that part of the old highway which, if the highway had been lawfully abandoned or discontinued, would have reverted to the grantors of the defendant, but on the easterly side of the fence above described of the plaintiff.

The old highway has never been discontinued in the mode prescribed by law, but the court finds that the effect in law of the exchange of deeds above stated was a virtual abandonment of the highway, in connection with the disuse of it since 1812 by the public. The court further finds, that the possession of the plaintiff and of her grantors, since 1812, has been adverse, and that by such adverse possession her title is now intact. No vote was ever passed by the town of Waterbury, in town meeting, authorizing the selectmen in 1812, or at any other time, to make exchange deeds in the manner stated.

Upon these facts the court rendered judgment for the plaintiff, and the defendant carried the case to the Superior Court by a motion in error. That court (*Carpenter, J.,*) affirmed the judgment of the City Court, and the defen-

dant brought the record before this court by a motion in error.

G. *Kendrick*, for the plaintiff in error.

1. It is found that all the acts of the defendant complained of were committed in such part of the highway as, if the highway had been lawfully abandoned or discontinued, would have reverted to the defendant's grantors; also that the highway has never been " discontinued in the mode prescribed by law." The highway was laid out by the original proprietors of the town, and under such a lay-out the fee vested in the town and could be divested only by a legal discontinuance. The plaintiff's fence was therefore an unlawful obstruction and nuisance, which any person might lawfully remove. *Stiles* v. *Curtis*, 4 Day, 328; *Peck* v. *Smith*, 1 Conn., 109; *Chatham* v. *Brainard*, 11 id., 82, 89; *Church* v. *Meeker*, 34 id., 429, 431; *State* v. *Merrit*, 35 id., 316.

2. But it is claimed that the plaintiff and her grantors have acquired title by adverse possession. But no right is gained by fencing up a highway to keep the fence there. The fence may at any time be removed, no matter how long it has been there. It was a nuisance when erected and the keeping of it there was but a constant repetition of the nuisance. No right can thus be acquired. *Parker* v. *Framingham*, 8 Met., 260. It is not claimed that the plaintiff's grantor took any thing by the deed of the selectmen. That deed was wholly inoperative. The highway must have been lawfully discontinued or abandoned to enable the possession of the plaintiff and her grantors to operate against the title of the defendant and his grantors.

3. The deed of the selectmen was offered in evidence solely for the purpose of characterizing the possession of the plaintiff's grantors, and was admitted by the court only for that purpose. Yet it appears by the finding that the deed was made a further use of by the court, namely, as evidence of an abandonment of the highway by the town, the court holding that " the effect in law of the exchange of deeds

was a virtual abandonment of the highway." The court has thus found an important fact on evidence that it had admitted solely for another purpose.

*H. B. Graves* and *H. R. Morrill*, for the defendant in error.

PARK, C. J. It appears by the finding in this case that the *locus in quo* had been in the exclusive and adverse possession of the plaintiff and her grantors since the year 1812, a period of nearly sixty-eight years, when this suit was brought. It would seem, therefore, hardly possible that there could be a defence to the action.

But it further appears that the *locus* is within the limits of an ancient highway, which was regularly laid out by the proprietors of the town of Waterbury in the year 1737, and that it has never been legally discontinued, although in the year 1812 the selectmen of the town undertook by deed to exchange, with one of the grantors of the plaintiff, the land covered by the highway, for other lands needed for another highway. The exchange was in fact made, and ever since the public have acquiesced in it. From that time the *locus in quo* has been inclosed, by the plaintiff and her grantors, with a sufficient fence, and they have been in exclusive, adverse and peaceable possession up to the time the defendant committed the acts complained of.

The defendant claims that, inasmuch as the highway has never been legally discontinued, it still remains a highway, and that the fence inclosing it was a public nuisance, which he had a legal right to remove.

It is unimportant in this case whether or not the highway was legally discontinued, for the defendant did not remove the fence because it was an incroachment upon the highway, with an intention to use the highway as such, but he removed it to assert his private right to the land covered by the highway. Besides this he has given no notice under the general issue that he should claim that the fence was a public nuisance, and therefore he cannot make the claim

now. His notice only called in question the title of the plaintiff to the premises in question, and set forth title in himself. Now, whether the highway was legally discontinued or not, the exclusive, adverse possession of the plaintiff and her grantors of the *locus in quo* for so long a period, extinguished whatever title the defendant may have had and established the title in herself. She has the absolute right to the land as against every body but the public, even if the public right has not been extinguished. The facts would seem to be sufficient to warrant the inference of an abandonment of the highway as such by the public; but it is not necessary for us to consider this question.

The public have nothing more than an easement in the soil of a highway, while the fee of the land is in the adjoining proprietor. Such fee, even while the highway exists, is as much the subject of prescription or of the operation of the statute of limitations as it would be if there were no highway. The only difference consists in the difficulty of establishing and maintaining adverse user against the adjoining proprietors, while the public are using the highway.

But here no such difficulty existed. The public in fact had ceased to use the highway and suffered the plaintiff and her grantors to fence it up for a long period of time, much longer than was necessary for the statute to run against the defendant's claim. We think the title to the *locus in quo* was in the plaintiff.

The defendant further claims that the court erred in admitting the deed of the selectmen in evidence as tending to characterize the possession of the plaintiff and her grantors of the premises in question. We think the evidence was proper for the purpose. The deed, in connection with the acquiescence of the public, tended to show that the grantors of the plaintiff believed they had a good title to the premises, and claimed the same accordingly. The defendant claims however that the court has made use of the deed for a further purpose, for which it was not offered nor admitted, namely, as evidence of an abandonment of the

highway, as such, by the public. But the court did not treat the mere deed as proof of this, but the fact of the deed being given, in connection with the disuse of the highway from that time by the public, as evidence of abandonment. This question however becomes unimportant, as we regard the question of abandonment as not affecting the result.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who, having decided the case in the court below, did not sit.